Good morning. Good morning, and may it please the court. My name is Daniel Blank, and I represent Jay Kent. I'll do my best to reserve two minutes for a rebuttal. Mr. Kent just wanted to plead guilty unconditionally to all charges in the indictment against him. No trial, no motions, no bail, no bargaining. He just wanted to plead. But the government tried to pressure Mr. Kent to enlist as an informant by strategically deferring the filing of an information giving notice of a prior conviction under 21 U.S.C. 851. And then at the moment when Mr. Kent attempted to plead guilty unconditionally, the government suddenly intervened to delay acceptance of his plea so it could file that information and double his mandatory minimum sentence. And these circumstances warrant relief in two very unusual ways. The first is as a vindictive prosecution based upon objective evidence, regardless of any presumption. And the second is as a Rule 11 violation in disrupting his plea. With respect to counsel, I have counsel Judge Gould, if I could interject a couple of questions. Yes, Your Honor. First of all, I haven't seen any case that suggests that circumstances like this would be constituted of vindictive prosecution. So if you have a case that you think is close on the facts to this, let me know what that case is. Yes, Your Honor. There is no case. I understand the general principle, but this is tied up with the government's conditional, let's call it a unilateral offer to engage in a plea bargain, which your client didn't want to accept. But the government had every right to file that information if there wasn't going to be a plea bargain, didn't they? No, they did not. And here's why. And as to your first question, Your Honor, there's never been a case like this before, and I wager you'll never see one again. This case is so... Well, I find that incredible when you say that. Because it goes right to the heart of what you see in court every single day. I mean, the prosecutor holds a lot of cards starting out. They decide how they're going to charge people, who they're going to charge, all of that. And they decide, I mean, you've certainly heard as a defense lawyer, the first to squeal gets the deal, you know, all sorts of things. And all about federal trials seem to be negotiations and making deals with various people to cooperate. And, you know, so it's everyday life in federal court. Here's what's different, is that Mr. Kent never sought to negotiate, never sought to bargain, never exercised his right to trial. And that's what distinguishes this case from all the other cases that I think Your Honor is thinking of. Well, no, because they could have charged him with something else. They could have charged him higher, but they first, you know, it was first like, hey, we won't charge you higher if you cooperate. He didn't want to cooperate, and they charged him higher. But that's what a vindictive prosecution is all about. In a vindictive prosecution, it's still true that the government could have filed the higher charges in the beginning, but did not. The question is their intent in punishing the defendant. And there are cases on point that show filing an 851 information is punishment for the purposes of vindictive prosecution. So as a defense lawyer, then you would advocate that they always go, they file the highest charges that they possibly can, and then if they want to work it back, fine. I find that I don't think that you would ask for prosecutors always to file the highest charges that they can. Let's always start with the death penalty, and then we'll work our way back to see if we can get down to a traffic penalty. Well, of course, thankfully, death penalty is not applicable to the charge here. But, yes, I think if there's a right way to do it and a wrong way to do it, they should be required to do it the right way. And this isn't that unusual. The right way. The right way is if whatever they're going to charge in the beginning, that's what they should charge, and you can't punish someone for exercising their rights. And there's an analogy to the acceptance of responsibility. What this Court and every court has held is that you cannot punish someone for going to trial by increasing their sentence, but you can reward someone for pleading guilty. So there's – it's not a mirror image. And it's the same here, that it's not a mirror image as to whether charges can be filed at the beginning or added later. They can be added later if it's in the context of plea negotiations if the defendant is exercising the right to trial. And the reason is, and the Supreme Court established this in Goodwin, is that the prosecutor has a legitimate interest in dissuading a defendant from going to trial. It saves the time and expense of a trial, and there are self-correcting checks and balances in a trial that don't exist in a plea. No court in any jurisdiction has ever recognized any interest of the government in dissuading a defendant from pleading guilty. Would you have a stronger argument if the – if your client had been in the middle of his plea colloquy when this happened? I would have a stronger argument under Rule 11, but not a stronger argument under vindictive prosecution. The vindictive prosecution argument, Your Honor, is so strong. And what makes this case so different than any other is the presence of objective evidence. We don't need to rely on a presumption.  The fact of the matter is that the defendant's testimony, the government counsel's statement on the record that that was his intent in doing so, the prior verbal statements by government counsel to me, Your client was trying to – was rushing to plea to prevent the government from filing the information. Well, that's what He wasn't rushing to plead. They might not have filed it that minute. Well, Your client is saying, I want to plead this second, and the government is saying, oh, you want to plead this second, I'm filing the information. If it was a race to the courthouse, it was the strangest race I've ever seen. The information was filed 13 months after the conduct and three months after the initial indictment. And I had repeatedly told government counsel, he's not going to cooperate, we're not going to go to trial, all we want to do is plead. The reason why it seemed like a rush is because government counsel wanted to keep the pressure on Mr. Kent until the end, despite what was clear to everyone is that that was never going to happen, that he was never going to enlist as an informant. And government counsel, I give him credit for being candid when asked by the judge, would you be filing it right now if he wasn't trying to plead, said, no, that's why I'm filing it. It's undisputable that Mr. Kent had a right not to enlist as an informant as part of a plea agreement, and he has a right under Rule 11 to plead guilty unconditionally. Counsel, my question for you is, okay, he's got a right to plead guilty, but doesn't the district court have a broad discretion to order the proceedings in the district court's courtroom? That is, what case says that if a client says, I want to plead guilty unconditionally right now, that a district judge has to drop everything else on their schedule and take the plea right then? Of course, that's not what happens. Do you have a case that says that? No, and that's not what happened in this case. This case was set for a change of plea. It was originally set as a status, but the court and deputy was notified that it was intended to be a change of plea. And although there's not a case along the lines that Your Honor asked, there are statutes, and there are two that I want to point the Court to. The first is Section 851 itself, which establishes a basis for delaying the acceptance of a plea, and it says that that can be done in order for the government to obtain records. That's obviously not this case here. And the fact that it lays out in 851 that point that the court may delay the plea in those circumstances suggests that they may not be delayed in other circumstances. And Rule 11 itself, as it's been interpreted by this Court in Vasquez-Ramirez, says that the court cannot refuse to accept a plea once it's been tendered. And in the ---- But your client has not gone through the Rule 11 colloquy at this point. That's right. That's because the district court judge refused to conduct the colloquy. Instead, after the manual filing at the podium, which is very unusual, was rejected by the court and deputy, she was faced with that choice. It wasn't filed. We're standing there. And I said, Your Honor, please, my client wants to plead. I can represent to the court that he's filled out the application meeting all the requirements of Rule 11b. And instead, the district court directed the court and deputy to accept this extraordinary filing at the podium. And that was the abuse of discretion. Didn't you then ---- Was that you were the counsel, not someone else? I was. Okay. Didn't you then tell the district court that you wanted to defer the plea so that you could file your motion trying to strike the information? Yes. After Mr. Kent's rights had been violated, I needed to remedy them before he pleaded, because otherwise he would have been in a worse situation. And that's what distinguishes this case from other cases cited by the government where the defendant was no worse off. Okay. Well, let me ---- Sorry to push you through such rigorous questioning, but it is a very spirited, interesting issue. I appreciate that, Your Honor. So go back to my first question. Yes, Your Honor. Do you have a case that you think is factually similar that says that it's a vindictive prosecution when the prosecution hasn't yet filed an information they're entitled to file, and then the criminal accused, you know, wants to plead guilty unconditionally, and it goes forward? There has never ---- To the best of my knowledge, there has never been such a case in any jurisdiction. In all the cases where the vindictive prosecution claims have been rejected, the defendant went to trial. And didn't threaten to go to plead, or at least exercise the right to trial. And then there's one case, the Van Doren case, where the jury was out in the hallway where the defendant raised his claim. So there's never been a case like this. Let me ask you a question. Yes, Your Honor. I hope Judge Callahan may give you an extra minute for rebuttal since I'm taking up your time. I go back to Judge Callahan's earlier questions to you early in the argument. Isn't the consequence or the implication of your argument that the U.S. attorneys or the prosecutors have to sort of load up their prosecution and charge the highest crime possible at the outset? Why isn't that the implication of your position? It won't do that. And former prosecutors will understand why that will never happen. And the reason is that if you want to have a testifying informant, that person is much more credible if an information was not filed and then stricken. It's easy impeachment for a defense lawyer to have an informant on the stand and have an informant have their mandatory minimum and doubled, and then in response to their agreement to cooperate, had that taken away. That's why it doesn't happen. The reason why it's not filed out of the gate is not because the prosecutors have a warm feeling for my clients. It's because they would serve as the best informants the way this is being done. Then your position is that they're not going to always load up the charges at the top at the start, but that any criminal defendant has a right to immediately say, I want to plead conditionally or unconditionally, and to have the plea colloquy go forward without the prosecution able to file. If they file before, that's fine. This is what's unusual about the Section 851. It's the same as if a defendant goes to trial. If the prosecutor files it before the jury is sworn, it applies. If the prosecutor tries to file it one minute after the jury is sworn, it's too late. I think that what's striking the Court as being sort of arbitrary is inherent in the filing of the Section 851. There's a hard and fast deadline. If it's timely, then it's timely, and if it's not, then it's not. And if the prosecutor — Your view is it's vindictive if it's filed after the defendant wants to plead guilty? Not necessarily. If there's intervening investigation or intervening circumstances or independent reasons for filing it, then it's not vindictive. It's a question of intent, and that's what vindictive prosecution has always been about, is a question of intent. And in this case, again, it was very candid, the government was candid, that there were no independent reasons, there were no intervening circumstances. The district court so found at ER 27 to 28. This is why, Judge Kelley and I respectfully submit, you are not going to see another case like this. No. I — it seems to me that an argument can be made that you're not disputing that there had been discussions about whether your client would cooperate. They requested. I rejected. All right. So there were discussions about that. And so why — what I am hearing you say is what goes on commonly in cases about what will be the ultimate disposition is that all the arrows should be in your quiver as opposed to in the prosecutor's quiver and that you should be able to tell them how they should manage a case. On the contrary, they have all the arrows in their quiver. They can charge it however they want. My only arrow, I have one, is to just unconditionally give up and say, I plead to everything, exactly as you charged it. Well, but you didn't plead to everything before there were discussions. There were discussions about your client can plead to this, and I won't file what I can if your client cooperates. Right. Well, that was a unilateral statement to me. I never said, hey, my client will do this or that or the other thing. Well, but unfortunately, there are certain things that the government has unilateral powers, and that's the way it's set up. Exactly. They could unilaterally charge it from the very beginning and did not. And I just — I know I'm way over time, but I direct the court to Goodwin itself, the leading Supreme Court case. All right. Well, why don't you — I think we're rehashing. I'll give you one minute for rebuttal. Thank you, Your Honor. All right. Good morning. Good morning. May it please the Court, I'm Amber Rosen, representing the United States in this matter. This really was a race to the courthouse. As Your Honors have noted, the government sent a letter on February 11th telling the defendant that they would file the 851 information with the prior unless the defendant took a cooperation agreement. Defendant never responded to that letter until February 25th, when the parties appeared before the district court at the status conference. While the defense counsel had called the court and said that they wanted to enter a plea at the status conference, they notably never told the government that. And the government believed it was a status conference until they walked into court and defendant said, I want to plead to the indictment. And at that point, the government did exactly what it had told the defendant it was going to do, which was it filed the information because the defendant at that point was obviously rejecting its offer to cooperate and take an agreement to that effect. Defendant claimed that the court erred by allowing the government to file the 851 information. But, of course, the government is legally entitled to file charges where it has probable cause to bring them. And the court really has no authority to preclude the government from doing so as the district court itself recognized at the status conference. Can I ask you one question? The normal situation that this goes on is that if he doesn't plead, I'm going to file the 851, or if he doesn't plead, I'm going to file the death penalty, unless he wants to plead to a life sentence. Is it any different when what you're insisting on is his cooperation, plus, that is a guilty plea, plus cooperation, which conceivably carries greater potential consequences for a defendant in terms of his personal safety, both in terms of out of jail and even in jail? He's saying, okay, look, I'm pleading, but I don't want to cooperate. Is there some difference? This is a twist that I sort of haven't seen. It really is no different, Your Honor. In this court, the Ninth Circuit has repeatedly held that the government is free to try to induce a defendant to cooperate and can bring charges or more severe charges if the defendant chooses not to cooperate. The court held that in Lopez. It's held it in Verger. It held it in Gardner. It held it in Peugeot. So this Court has repeatedly said that it's fine for the government to try to seek inducement by threatening to bring greater charges if the defendant does it. You're strong-arming the defendant. Let's, you know, but that's so is what you're saying is to show vindictive prosecution, you have to do more than the usual strong-arming? Exactly. I mean, the Court has sanctioned the government's ability to bring greater charges when a defendant rejects a plea agreement and when a defendant rejects cooperation. The Court has repeatedly held that. And there is a form, I mean, one could say there's a form of strong-arming, but the fact is, as this Court has pointed out, the government could have brought the 851 from the get-go and not given the defendant an opportunity to reduce the charges, not given the defendant an opportunity to cooperate. So, you know, the defense may view it as strong-arming, I'm sorry, strong-arming, and the government may view it as we're giving him an opportunity to work down his charges by cooperating. And he is free to take that or to reject it, but the government is still free to file the charge since it has a probable cause to do it. Now, if he'd been in the middle of the colloquy, would that be a different factual scenario? Would that have a different result? I think if he had been in the middle of a Rule 11 colloquy, it could be a different result. The government is free to bring the 851 information until the plea is entered. So until the Rule 11 colloquy is completed and the district court has found what it needs to find under Rule 11b, there's still the opportunity. It would depend then, perhaps, on why the district court stopped the Rule 11 colloquy in the middle and allowed the government to do it. Was it because it found that there wasn't a sufficient factual basis or something like that which may allow it, or was it for an improper purpose, in which case maybe they would not? Well, Mr. Blank has essentially said that this is a very unique set of circumstances and, therefore, that the Court would not, you know, that that ruling in his favor would not implicate 99 percent of the cases. What's your position on that? My position is that I disagree with this. I agree with what Your Honor said at the beginning, which is this is something that we have to argue with people for. That's what we do for a living. But the ---- Well, I will adopt your argument, then, to say that the government often does not charge everything that it could from the get-go. There are certain tactical advantages to that in certain particular cases and gives and then will say, you know, if you don't want us to charge more, which we could, here's the conditions that we would lay out. You can accept it or not accept it. And sometimes it's more advantageous to charge hard from the beginning. The Supreme Court in Bordenkircher has specifically said there's no constitutional, no legal difference between charging heavily and dropping or charging lightly and adding in the context of plea negotiations, which this was. Well, in your view, what could take this into vindictive prosecution from this standpoint if, you know, obviously, I think your argument, if I'm correctly summarizing it would be that essentially this is what goes on all the time. You know, the prosecutor has these arrows in their quiver and this is no, there's nothing vindictive about this. What are the type of things that would elevate it to, you know, to being vindictive prosecution? Well, really the only, because clearly that does exist. That animal does exist. It does exist. It's unusual in the pretrial context and in the context of plea negotiations. And in that context, the courts, this court has pretty much rejected those claims. It's occasionally found it. I think the one case the defendant cites was the, I'm not sure I'm not going to pronounce it correctly, Rugas-Martinez. The court found it in that case where the indictment was brought after the defendant refused to waive his right to be tried by the district court. In other words, the defendant was insisting that he not be tried before the magistrate, but that he go before the district court on a misdemeanor, and then the government brought a felony indictment, and the court found it there.   It's not a constitutional right to do an otherwise exercise, a valid exercise of a constitutional right. Right. And here, you know, the Supreme Court has repeatedly found there is no constitutional right to plead guilty. So he had, he didn't have that right. And we would also agree that this really was a question, I mean, defendant's claim that, you know, he should have been able to enter his guilty plea at the exact moment that he wanted was really a timing question. And Rule 11 doesn't speak to that. Even to the extent that Rule 11 grants a right to enter a guilty plea, it does not confer a right as to the timing of that. And the court was certainly free to allow the government to file its 851 information and defer the taking of the plea 30 seconds, you know, before doing the rule colloquy. And once the information was filed and the defendant was arraigned on it, the district court then offered the defendant the opportunity to plead guilty, which, of course, he then rejected at that time. What is the purpose of the requirement that the government file the time constraint on the filing? Is it simply so that the defendant has notice of the consequences of whatever action he takes? I think that's right. Because, you know, to enter a guilty plea, it has to be knowing and voluntary. So he would have to know what he was facing and the consequences of it before doing that. And it needs to be before trial so that he can make an informed decision about whether to go to trial, whether not to go to trial, what's he going to be facing, should he go to trial. So I think that is the purpose of it. But, of course, you know, 851 specifically allows the court to defer taking a plea in order to allow the government time to obtain the facts to even bring in 851 information. And if it does that, that certainly — What if the defendant had said, I want to put it on in a day that the attorney that's handling it is not available because I'm not liking how things are going? How would that change the scenario? Well, again, certainly the court could have the discretion to say, well, I can't hold a — you know, my calendar doesn't allow me to do a plea on that date. I mean, the court can manage its own calendar regardless of what the defendant wants in terms of the ability. No, I mean, what if the prosecutor couldn't be there? Let's say defense counsel. Those of us that have been in the trenches on this know that we like some lawyers better than we like others. And we would always say that the defendant said, well, I want to come in and I want to plead guilty on a day when I know the prosecutor that's been giving me a hard time isn't going to be there. So would the court be able to at that point say, well, I'm not going to take a plea today because Ms. Rosen isn't available and she's the person handling the case? Could the court do that? Absolutely. All right. I think your time's expired unless any of the panel members have any questions. I have no questions. Thank you for your argument. May I have just one minute, Your Honor? One minute. Yes, Your Honor. Thank you. So just very quickly, Judge Gould, the case that you were asking me about is Van Doren. That's the case that says the filing of an 851 prior can be the basis for a vindictive prosecution claim. The second issue is that government counsel has said there's no constitutional right to plead guilty. That's correct. It's a statutory right. And, in fact, the right to appeal, which is the basis of vindictive prosecution doctrine, is also a statutory, not a constitutional right. But I do want to just direct the Court to what the Supreme Court in Goodwin says, which is due process – I think that's not working right. We – well, when – if you can reset it when we do a minute, that would be good. Thanks. So that we can tell. Thank you. Thank you, Your Honor. Goodwin, citing Bordenkercher, says, and I quote, the due process doesn't prohibit a prosecutor from carrying out a threat made during plea negotiations to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged. That's not what happened in this case. That's what happens in almost every case. That's not what happened in this case. My client didn't refuse to plead guilty to the offense with which he was originally charged. He was, in fact, attempting to do so when the government disrupted his plea. Well, that will submit, Your Honor. Thank you. Thank you. Well, actually, I was just going to say, I bet your mother never could get the last word in here, but you actually stopped before the minute was up. My mother is actually in the courtroom, so you can ask her. Oh. Well, that's good. All right. Thank you. This matter will stand submitted. Thank you very much, Your Honor. Thank you.
judges: Korman, Gould, Callahan